UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA RUTH HOWE,

Plaintiff,

v.

MAYBEL J. MAYFIELD, et al.,

Defendants.
______________________________/

Case No. 1:25-cv-812

Hon. Hala Y. Jarbou

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court are the objections of Plaintiff Pamela Howe (Objs., ECF No. 15) to the magistrate judge's report and recommendation (R&R) that the Court screen Howe's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which mandates dismissal of frivolous, malicious, or legally or factually inadequate complaints by pro se plaintiffs who are proceeding *in forma pauperis*. Howe alleged that the termination of her trusteeship over the David H. Ahonen and Ruth C. Ahonen Trust by the probate court in Berrien County, Michigan, violated state and federal law. (R&R, ECF No. 10.) The magistrate judge found that a number of Defendants were immune from suit because the conduct complained of in Howe's complaint was undertaken in exercise of those Defendants' judicial duties. The magistrate judge determined that Howe failed to state a plausible federal claim against the remaining Defendants, and she recommended that the Court decline to exercise supplemental jurisdiction over Howe's state-law claims.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Because none of Howe's objections undermine the magistrate judge's findings, the Court adopts the R&R in full and dismisses the instant action.

**A. Immunity**

Howe contends that dismissal of her claims against Berrien County judges Mabel Mayfield, Paul Jancha, and Gordon Hosbein because they are immune in both their official and personal capacities would be contrary to law. Howe does not dispute that damages claims against state officers, such as the three Berrien County judges, in their official capacities are barred by the Eleventh Amendment. She also appears to concede that the judges are absolutely immune from damages liability. *See Mireles v. Waco*, 502 U.S. 9, 13 (1991). Howe instead argues that she seeks to enjoin prospective violations of federal law by the judges, consistent with the exception to state sovereign immunity carved out by *Ex parte Young*, 209 U.S. 123 (1908). But as *Ex parte Young* recognized, and as the Supreme Court recently reaffirmed, the power of federal courts to restrain unconstitutional conduct by state officers does not extend to judicial officers acting in an adjudicatory role. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021); *Williams v. Parikh*, No. 24-3059, 2024 WL 5355086, at *2 (6th Cir. Sept. 4, 2024), *cert. denied*, 145 S. Ct. 2713 (2025). In addition, 42 U.S.C. § 1983, the statute under which Howe seeks to enforce her federal rights, bars the Court from enjoining state judicial officers unless they violate a declaration or declaratory relief is unavailable.[1] *Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016). Howe effectively asks this Court to direct the Berrien County judges to reverse themselves and reinstate her as a trustee. That the Court cannot do. Howe's immunity objections are overruled.

[1] As discussed when addressing Howe's objections on the merits, Howe does not plausibly allege that her federal rights were violated, so she fails to state a claim for declaratory relief against the Berrien County judges.

**B. *Rooker-Feldman***

Howe also argues that the R&R erred in recommending that Howe's claims, insofar as they seek to void of the orders of the Berrien County probate court, including Howe's removal as trustee, be dismissed under the *Rooker-Feldman* line of cases. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), hold that the losing party in a state-court proceeding may not seek what amounts to appellate review of the state court's decision in a federal district court. *RLR Invs. v. City of Pigeon Forge*, 4 F.4th 380, 387 (6th Cir. 2021); *see id.* at 394 (*Rooker-Feldman* also bars review of state-court interlocutory orders). Although Howe is correct that *Rooker-Feldman* does not bar all her claims, it certainly bars every claim that constitutes a challenge to a state-court decision, such as her challenge to the probate court's removal of her as trustee and its rejection of her proffered evidence concerning the incompetence of the grantor of the trust that Howe administered. (Compl., ECF No. 1, PageID.25–26.) Therefore, *Rooker-Feldman* necessitates dismissal of Counts I (*id.*, PageID.50–51), III (*id.*, PageID.53–54), and VII (*id.*, PageID.56) of the complaint, all of which allege that specific probate-court decisions violated Howe's constitutional rights.

Howe's contention that *Rooker-Feldman* does not apply to decisions of state courts that are ultra vires is without foundation in the case law. Even if, as Howe contends, the state court lacked authority to issue its orders, this Court does not have appellate jurisdiction over those decisions. Moreover, Howe's challenge to the Berrien County probate court's authority is frivolous. (*See* Compl., PageID.16–18.) Howe cites no legal authority providing that Michigan judges must swear an oath of office that defines them as probate judges to validly serve on a

probate court.[2] Nor does she point to any legal rule requiring a probate judge to be delegated authority to preside over cases involving trusts and estates.[3] The probate court's failure to respond to Howe's pseudolegal filings like an "averment of jurisdiction quo warranto" did not divest it of the authority to decide her case. In short, this is not a case in which the probate court was "without jurisdiction" and its orders "absolutely void" but one in which "there was full jurisdiction in the state court[]" and its orders attacked for "alleged errors of law committed in the exercise of that jurisdiction." *Rooker*, 263 U.S. at 416. Howe's attempt to invoke an ultra vires exception to *Rooker-Feldman* fails. Accordingly, Howe's objections to the recommendation that her challenges to the orders of the Berrien County probate court be dismissed are overruled.

**C. Federal Claims**

Many of Howe's arguments against immunity and the applicability of *Rooker-Feldman* are more accurately characterized as arguments in favor of the factual sufficiency of Howe's allegations of unconstitutional conduct by the Berrien County judges. (*See* Objs. 9.) Allegations that a state-court decision was "procured . . . through fraud, misrepresentation, or other improper means," such as those Howe levels against Defendants, state "independent claims" that are not barred by *Rooker-Feldman*. *McCormick v. Braverman*, 451 F.3d 382, 392 (6th Cir. 2006) (emphasis omitted). Here, Howe contends that the Berrien County judges conspired with Julie Thomsen, the current trustee of the David H. Ahonen and Ruth C. Ahonen Trust, and Thomsen's attorneys to develop a two-story parking garage on property owned by the trust that is adjacent to the Berrien County courthouse. (Compl., PageID.29.) Howe does not allege that any of the

---

[2] Berrien County has adopted a plan of concurrent jurisdiction between district-, circuit-, and probate-court judges. (ECF No. 1-3, PageID.92.) District judges may therefore exercise the power of probate judges in Berrien County. *See Est. of Howe*, No. 360090, 2023 WL 2436884, at *7 (Mich. Ct. App. Mar. 9, 2023); Mich. Comp. Laws § 600.401(2).

[3] Michigan probate courts have "concurrent legal and equitable jurisdiction" over "contract proceeding[s] or action[s] by or against an estate, trust, or ward." Mich. Comp. Laws § 700.1303(1)(i).

Berrien County judges engaged in conduct that perceptibly differs from the ordinary activities of judges: the litany of actions constituting "egregious judicial misconduct" (Compl., PageID.26) she recites with respect to Judge Jancha, for example, could be relabeled as the procedural history of her case. So too with Judge Hosbein's alleged "collusion" with Thomsen's attorneys by ruling against Howe, or Chief Judge Mayfield's "deliberate inaction" in ignoring Howe's frivolous demands that the judges provide "proof" of their authority to adjudicate her lawsuit. The absence of factual allegations that lend plausibility to Howe's accusation that the judges conspired with the other Defendants to deprive her of her federal rights—all with the alleged purpose of getting a parking garage for the Berrien County courthouse built on the trust's real property—renders her section 1983 conspiracy claim against the judges frivolous.

Howe's allegations against the other Defendants are equally implausible. The only other state actors that Howe names as Defendants are Berrien County and the county's corporate counsel, Thaddeus Hackworth. Howe does not even attempt to rebut the R&R's finding that no policy or custom of the county caused the alleged violations of Howe's constitutional rights; instead, she recasts the judges' conduct as "County customs of non-disclosure and unchecked judicial overreach." (Objs. 21.) That allegation is not sufficient to establish that the county had any such customs, let alone that those customs inflicted cognizable harm on Howe.

Howe's accusations against Hackworth, whose sole involvement in the state-court proceedings was to represent Judge Jancha in Howe's petition for Jancha's disqualification, fare no better. Her characterization of Hackworth as "the nexus of the alleged conspiracy" because of his marriage to the person overseeing the plan to erect the courthouse parking garage is unsupported by concrete factual allegations. And the complaint does not point to any action by Hackworth that resulted in harm to Howe beyond drafting Judge Jancha's answer to Howe's

disqualification petition. (Compl., PageID.30.) The Court overrules Howe's objections to the R&R's finding that Howe fails to state a colorable section 1983 claim against Berrien County or Hackworth.

Because the complaint does not plausibly plead that any governmental person or entity violated Howe's constitutional rights, and because Howe's sole justification for finding her claims against the remaining Defendants—Julie Thompsen and the law firm and attorneys representing her—sufficient is her assertion that they acted jointly with the governmental Defendants (Objs. 14), the Court declines to consider whether any of the private Defendants can be liable under section 1983. As to Howe's civil RICO claim, which the magistrate judge recommended dismissing because it was based on conclusory allegations (R&R 14), Howe's four-page objection (Objs. 16–20) fails to explain how her complaint can be said to plead more than "a single scheme targeting a single victim," *Bachi-Reffitt v. Reffitt*, 802 F. App'x 913, 918 (6th Cir. 2020), a prerequisite for finding a defendant to have engaged in a "pattern of racketeering activity," *id.* The Court overrules Howe's objections to the recommended dismissal of her remaining federal claims.

**D. State-Law Claims**

The Court also rejects Howe's objections that the R&R mistakenly proposes not exercising supplemental jurisdiction over Howe's state-law claims, that the Court has diversity jurisdiction over those claims, or that the Court must consider the effect of the probate court's alleged refusal to order Thomsen to submit to examination despite having the authority to do so under Michigan's estates code, *see In re Raymond J. Nicholson Revocable Tr. Agreement*, No. 360862, 2023 WL 2144745, at *1 (Mich. Ct. App. Feb. 21, 2023). The R&R correctly concluded that the dismissal of the federal claims from this suit renders federal-court adjudication of the remaining state-law claims inappropriate, and Howe presents only a hypothetical case for concluding that the parties to this litigation are completely diverse (Objs. 4)—a hypothesis belied by the second and third

pages of Howe's complaint, which show that every single party resides in Michigan. The fact that all parties appear to be Michigan citizens dissipates her concern that a state court of general jurisdiction would not be able to join all parties and claims raised by Howe's state-law claims. (Objs. 5.) The Court overrules Howe's objections to the recommendation that it decline to exercise supplemental jurisdiction over Howe's state-law claims.

**E. Leave to Amend**

Finally, Howe objects that she is entitled to amend her complaint before it is dismissed on screening. (Objs. 4–5.) That is not the law in this circuit: although a district court *can* grant a plaintiff leave to amend their complaint after screening to rectify deficiencies noted by the court, *see LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), and a court "should afford *pro se* plaintiffs special consideration when granting leave to amend complaints," *Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024), a court can screen a complaint without granting leave to amend if it is clear "that the complaint could not be saved by amendment." *Beal v. Vanalstine*, No. 24-1224, 2024 WL 5482662, at *6 (6th Cir. Nov. 20, 2024) (quoting *Rashada*, 2024 WL 1367436, at *4); *Annabel v. Washington*, No. 24-1425, 2024 WL 4766187, at *2 (6th Cir. Oct. 2, 2024), *cert. denied*, 145 S. Ct. 1908 (2025) ("[L]eave to amend is not required and should not be granted if amendment would be futile."); *see also Sowell v. United States*, No. 2:25-cv-3, 2025 WL 1167186, at *2 (S.D. Ohio Apr. 22, 2025) ("[I]f a prisoner's filings show he has a nonfrivolous claim, precedent seemingly instructs that leave to amend should be granted sua sponte—even if a prisoner does not formally ask to do so."), *adopted*, 2025 WL 1446910 (S.D. Ohio May 20, 2025).

Any amendment by Howe would fail because her core allegations are frivolous. *Cf. Coleman v. Kent*, No. 24-1737, 2025 WL 1768666, *3 (6th Cir. June 26, 2025) ("Pro[ ]se plaintiffs should be afforded the opportunity to amend prior to sua sponte dismissal, especially when, as is

the case here, the plaintiff's claims are not patently frivolous."). The Court cannot see how pleading additional facts would render credible the allegations of a conspiracy between state-court judges, a county attorney, and Howe's sister to build a courthouse parking garage. The fact that Howe did not even ask for an opportunity to amend her complaint (*see* Objs. 4–5, 25), let alone submit a proposed amended complaint that would allow the Court to determine if leave to amend should be granted, *cf. Kuyat v. BioMimetic Therapeutics*, 747 F.3d 435, 444 (6th Cir. 2014) ("Normally, a party seeking an amendment should attach a copy of the amended complaint."), is an additional reason not to invite Howe to take a second bite at the apple. *Cf. United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 739 F. App'x 330, 335 (6th Cir. 2018) ("[A] district court does not abuse its discretion by failing to grant leave to amend where the plaintiff has not sought leave and offers no basis for any proposed amendment."). Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 10) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal of this matter by Howe would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court will enter a judgment in accordance with this Order.

Dated: October 2, 2025

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE